IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLENN LEE SELDEN, | : |
| Petitioner, | : |
| v. | : Civil Action No. 13-2004-RGA |
| UNKNOWN RESPONDENT, | : |
| Respondent. | : |

**MEMORANDUM**

Petitioner Selden has filed a document with various titles, including "Truth Affidavit of Mistake in the Nature of Supplemental Rules for Admiralty and Maritime Forfeiture Claims and Assets" and "Demand for Jury Trial" (hereinafter referred to as "Petition"). (D.I. 1) Selden is a prisoner at Tomoka Correctional Institution, and, although the Petition is challenging to comprehend, supporting documents demonstrate that Selden is challenging his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. (D.I. 3 at 20)

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2255. This is such a case. Liberally construing the Petition to be a request for federal habeas relief pursuant to 28 U.S.C. § 2254, the courts with jurisdiction over the Petition are in Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442 (2004) (state prisoner challenging the constitutionality of custody that is the result of a state

court judgment of conviction, or her present physical confinement that is not the result of a state court conviction (*e.g.*, pre-trial detention) must file the petition in a judicial district which can acquire *in personam* jurisdiction over the petitioner's warden or custodian); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). This court is located in the State of Delaware and, therefore, does not have jurisdiction. Accordingly, the court will summarily dismiss Selden's Petition without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate order follows.

March 25, 2014
DATE

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

2